IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGE L. MOST, #N70140,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-738-SMY |
| | ) |
| **J.B. PRITZKER and** | ) |
| **ROB JEFFREYS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff George Most, an inmate of the Illinois Department of Corrections ("IDOC") currently being housed at the St. Clair County Jail, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims under the Fourteenth Amendment relating to being held in a county jail facility after being convicted and sentenced to IDOC. Plaintiff filed this case as a putative class action seeking monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On March 26, 2020,

due to the need to limit any increase in IDOC inmate population during the COVID-19 pandemic,[1] Illinois Governor J.B. Pritzker issued Executive Order 2020-13 suspending admissions of inmates from county jails to the IDOC, with the exception of "limited essential transfers" at the discretion of the IDOC Director (Jeffreys).  Plaintiff was convicted in Illinois state court of attempted burglary and sentenced on June 10, 2020 and as a result of Executive Order 2020-13, remains in St. Clair County Jail instead of being remanded to an IDOC facility.

Based on the allegations in the Complaint, the Court finds it convenient to organize this *pro se* action into the following Counts:

> **Count 1:** **Fourteenth Amendment Due Process claim against Pritzker and Jeffreys.**
>
> **Count 2:** **Fourteenth Amendment Equal Protection claim against Pritzker and Jeffreys.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.**[2]

## Discussion

### Count 1

Plaintiff argues that being held indefinitely in a non-IDOC facility after sentencing is the equivalent of being held in segregation, and therefore implicates Fourteenth Amendment due process considerations.  Prisoners can state a claim for damages under § 1983 for the denial of due process if the denial resulted in the imposition of an "atypical and significant hardship on the

---

[1] https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-13.aspx

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In determining whether a plaintiff has adequately stated such a claim, the Court considers whether the plaintiff sufficiently alleges that he was deprived of a protected interest, and if so, what process was due under the circumstances. See, *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017).

Plaintiff fails to allege a protected liberty interest. Inmates do not have a constitutional entitlement in being assigned to a particular institution or to remain in the general population. *Holleman v. Zatecky*, 951 F.3d 873, 881 (7th Cir. 2020); *Isby*, 856 at 524. *See also Sandin,* 515 U.S. at 480 ("transfer to less amenable quarters for nonpunitive reasons [is] ordinarily contemplated by a prison sentence[.]"). Moreover, Plaintiff does not claim that serving the beginning of his time in IDOC at the St. Clair County Jail has resulted in any atypical and significant hardship. He alleges only that he and similarly situated inmates are being denied "processes and considerations of IDOC's Policies and Procedures, schooling[,] programs[,] activities and recreation" to which IDOC inmates generally have access. (Doc. 1, p. 10). But inmates do not have a freestanding liberty interest in participation or access to prison school or programs. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir.2000); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir.1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir.1982). While Plaintiff and other newly-convicted inmates' present housing situation may be atypical, Plaintiff's allegations do not suggest that it imposes a significant hardship. As such, Plaintiff fails to state a claim for the denial of due process.

## Count 2

Plaintiff claims that he and other similarly-situated inmates are being denied equal protection by being housed in county jail facilities rather than IDOC facilities (presumably in

3

contrast to inmates who were sentenced prior to Executive Order 2020-13). "Prisoner" is not a suspect class, and Plaintiff's claim is that he is being treated differently from others within that class. *Johnson v. Daley*, 339 F.3d 582, 585–86 (7th Cir. 2003). Thus, his claim is the equivalent of a class-of-one case, where a plaintiff must show (1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment. *Fares Pawn, LLC v. Indiana Dep't of Fin. Institutions*, 755 F.3d 839, 845 (7th Cir. 2014).

Plaintiff's allegations undermine his claim. That is because, even at the pleadings stage, "[a]ll it takes to defeat [a class-of-one] claim is a conceivable rational basis for the difference in treatment." *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) (quoting *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013)). Executive Order 2020-13 provides a rational basis in its text – limiting the spread of COVID-19 within the close confines of a prison population.[3] Plaintiff therefore fails to state a claim for violation of his rights to equal protection.

**Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction ordering his transfer. A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). To obtain preliminary injunctive relief, a plaintiff must establish that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he

---

[3] The Court may take judicial notice of public records. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 960 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

will suffer irreparable harm without the injunction. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015).

As Plaintiff has failed to state a viable claim for relief, he has no reasonable likelihood of success on the merits.[4] Accordingly, the request in the Complaint for a TRO and preliminary injunction is **DENIED**.

## Disposition

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim.

Should Plaintiff wish to proceed with his case, he shall file a First Amended Complaint **on or before September 9, 2020**. He should label the pleading "First Amended Complaint" and include Case Number 20-738-SMY.[5] In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.

---

[4] The Court notes that Executive Order 2020-50 rescinded Executive Order 2020-13 and directs IDOC to resume accepting inmate transfers from county jails, likely rendering Plaintiff's request for injunctive relief moot.

[5] The amended complaint should conform to the designation of claims into the Counts enumerated by the Court in this Order. Plaintiff shall identify by name or Doe designation, each Defendant alleged to be liable under each Count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

Should the First Amended Complaint not conform to these requirements, it will be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint will result in the dismissal of this case with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after completion of the § 1915A review of the First Amended Complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 10, 2020**

**STACI M. YANDLE**
**United States District Judge**